IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF RANDY ASHLAND,

Plaintiff,

vs.

Case No. 2:20-cv-01640-PP

CITY OF WAUKESHA; IAN DEKARSKE; AND RYAN SOLBERG,

Defendants.

---

# JOINT RULE 26(f) REPORT

---

Under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Directing Parties to File Rule 26(f) Report, Dkt. 12, the parties submit this Joint Rule 26(f) Report:

## NATURE OF THE CASE

Plaintiff, the Estate of Randy S. Ashland, alleges that, in April of this year, Ashland became suicidal and texted his friend and pastor. The texts led the pastor to fear for Ashland's safety. The pastor drove to Ashland's house and coaxed him into the pastor's car. Ashland brought a handgun with him. The pastor drove Ashland to Waukesha Memorial Hospital. Because Ashland refused to leave the gun in the car, the pastor left Ashland in the parking lot and entered the emergency room to seek help. Hospital staff summoned law enforcement.

Within a few minutes, law enforcement officers from multiple jurisdictions responded to the hospital. During the ensuing interaction between Ashland and the law enforcement officers on scene, Waukesha Police Department officers Ian Dekarske and Ryan Solberg shot Ashland, and he subsequently died. Ashland's estate now sues Solberg and Dekarske for excessive force in violation of the Fourth Amendment and the City of Waukesha for failure to train leading to its officers' excessive force. There is also a state-law claim for indemnification. Defendants deny the Estate's claims and have asserted a number of affirmative defenses.

## AMENDMENTS

All defendants have now been served and appeared through counsel. The parties do not anticipate amending the pleadings based on what they know now.

## DISCOVERY

### Contemplated Discovery

**Written Discovery**. The Estate plans to serve written discovery on all three defendants and Rule 45 subpoenas for documents on the half-dozen, non-party law enforcement agencies whose officers responded to the hospital the night Ashland died and participated in the investigation conducted by Wauwatosa Police Department as part of the Milwaukee Area Investigate Team process.

The defendants will serve written discovery on the Estate.

**Deposition Discovery.** The Estate plans to depose Solberg and Dekarske, Rule 30(b)(6) designees of the City, and each of the 10 non-party officers who witnessed Ashland's final moments and death in the hospital parking lot. Depending on the results of written discovery or the first-hand witness depositions, the Estate may also seek to depose the Wauwatosa Police Department officers who, as part of the death investigation, interviewed the officers who witnessed Ashland's death. This plan puts the Estate over the 10-deposition limit in Rule 30(a)(2)(A) and so it will require the defendants' stipulation or Court approval.

The defendants may depose a representative of the Estate, one or more family members of Ashland, the pastor who brought Ashland to the hospital on the night of the events in question, and other non-party witnesses identified by the Estate or otherwise identified in discovery.

**Expert Discovery.** The Estate anticipates disclosing an expert witness to testify, generally speaking, about crisis-intervention training and de-escalation in support of the Estate's claim against the City and may also disclose an expert witness on police use-of-force practices.

The defendants may identify an expert witness or witnesses to rebut the opinions of the Estate's expert(s).

**Discovery Schedule**

The parties propose the discovery schedule as laid out below in their joint, proposed schedule.

**MOTIONS**

The Estate does not anticipate filing any motions under Rule 56 but will likely file several motions in limine.

The defendants anticipate filing a motion for summary judgment at the close of discovery.

**TRIAL**

Both parties demanded a jury trial. The parties' current, best projection at this early stage is that the trial will take 6-7 full days to complete. The parties will revisit this estimate if necessary following a ruling on summary judgment.

The Estate plans to move under Rule 47(a) of the Federal Rules of Civil Procedure to ask the Court to allow the parties' counsel to conduct voir dire. Fed. R. Civ. P. 47(a) ("The court may permit the parties or attorneys to examine prospective jurors … .").

**ISSUES IMPACTING TRIAL SCHEDULING**

While the parties desire to move the case forward expeditiously, they are aware of and sensitive to the impact of the global pandemic on the Court's docket (in particular its criminal trial docket); and the safety of court staff, jurors, and witnesses. The parties recognize that the pandemic impacts the parties' ability to prepare for trial and the Court's ability to schedule it and that it has and will do so in unpredictable ways.

Beyond the pandemic, the parties are not now aware of any issues likely to impact the scheduling of trial.

**PROPOSED SCHEDULE**

The parties propose the following schedule:

| **Item** | **Date** |
|---|---|
| Rule 26(a)(1) Disclosures Due | January 8, 2021 |
| Last day to amend the pleadings or join other parties | February 5, 2021 |

| Item | Date |
|---|---|
| Last day for the Estate to disclose expert reports under Rules 26(a)(2)(B) and 26(a)(2)(C) | May 14, 2021 |
| Last day for defendants to disclose expert reports under Rules 26(a)(2)(B) and 26(a)(2)(C) | July 16, 2021 |
| Last day for plaintiff to disclose rebuttal expert reports, if any, under Rules 26(a)(2)(B) and 26(a)(2)(C) | August 16, 2021 |
| Deadline for parties to complete all discovery | September 15, 2021 |
| Last day to file a motion under Rule 56 | November 12, 2021 |

The parties have not included proposed pretrial or trial dates, as the Court's Order indicates that it will set those dates after deciding any dispositive motions.

## OTHER MATTERS

The parties wish to apprise the Court of three other matters:

- The parties agree to and have concurrently filed the Court's form Joint Motion for Order Regarding Taking Depositions Via Remote Means.
- The parties agree to and have concurrently filed the Court's form Protective Order and stipulate that there is good cause to enter the Order and request that the Court do so because discovery in this litigation is likely to involve sensitive, private medical information and employee-file type information.
- The parties agree to service by email under Rule 5(b)(2)(F) of the Federal Rules of Civil Procedure.

### CONFERRAL STATEMENT

As required by the Federal Rules and the Court's Order, the parties have discussed all the issues and items they have been directed to and all the items in this report.

Dated: December 15, 2020.

Respectfully submitted,

/s/ Thomas R. Kayes

Ill. Bar No. 6315461
LAW OFFICE OF THOMAS R. KAYES, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@kayes.law
www.kayes.law

Matthew Pinix
State Bar No. 1064368
PINIX LAW, LLC
1200 E Capitol Dr, Ste 360
Milwaukee, WI 53211
t. 414.963.6164
f. 414.967.9169
matthew@pinixlaw.com
www.pinixlaw.com

Attorneys for Plaintiff

Dated: December 15, 2020.

Respectfully submitted,

/s/ Andrew A. Jones

State Bar No. 1023074
HANSEN REYNOLDS LLC
301 N Broadway, Ste 400
Milwaukee, WI 53202
t. 414.455.7676
ajones@hansenreynolds.com
www.hansenreynolds.com

Attorneys for Defendants