IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF RANDY ASHLAND,

    Plaintiff,

vs.

                              Case No. 2:20-cv-01640-PP

CITY OF WAUKESHA ET AL.,

    Defendants.

## JOINT NOTICE OF CORRECTION TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

    Plaintiff Estate of Randy Ashland and Defendants City of Waukesha, Ian DeKarske, Servando Benitez, and Ryan Solberg wish to correct paragraph 133 of Plaintiff's statement of facts in opposition to summary judgment and Defendants' response thereto to reflect that Dean Stamm was not killed after being shot by Waukesha police officers, but rather survived. In support of this notice, the parties state as follows:

    1.    This lawsuit alleges that two officers of the Waukesha Police Department used excessive force when they shot and killed Randy Ashland on April 15, 2020. Plaintiff also alleges that the shooting officers and another sergeant on scene violated Ashland's constitutional rights after the shooting by delaying medical care for Ashland. And the lawsuit alleges *Monell* claims against the City of Waukesha for failing to train its officers to respond appropriately to individuals in mental health crisis. (ECF No. 32.) Defendants have denied all liability.

    2.    Discovery closed in November 2022.

    3.    On January 24, 2023, Defendants filed a motion seeking summary judgment on all claims against all Defendants. (ECF No. 49.)

4. On March 27, 2023, Plaintiff filed a response in opposition to the summary judgment motion (ECF No. 58) and a response to Defendants' proposed findings of fact and statement of additional facts (ECF No. 59).

5. Paragraph 133 of Plaintiff's statement of additional facts (the "PSOF"), states: "WPD officers shot and killed Stamm after he exited his house with a rifle, which officers claimed Stamm pointed at them." (ECF No. 59 at 49 ¶ 133 (citing Ex. 13, Stamm Use of Force Review Board Mem.).)

6. On May 19, 2023, Defendants responded to paragraph 133 of the PSOF as follows:

> Disputed in part. Not disputed that officers of the City of Waukesha Police Department shot and killed Dean Stamm after he exited his house with a rifle and pointed the rifle at officers. (ECF No. 59-13 at 1-2 ("During the course of the investigation Stamm exited his residence . . . with a rifle and a concealed handgun. The rifle was equipped with an illuminated optic that officers described as a "green laser." As Stamm was outside the residence he pointed the rifle at officers.").) Plaintiff provides no evidence to dispute the officers' account of what happened, so plaintiff provides no evidentiary basis for the characterization of their account as merely a "claim." Further, the Stamm shooting was investigated by an outside agency and found to have been justified. (Angle Tr. at 233:7-19.)

(ECF No. 64 ¶ 133.)

7. After the PSOF and Defendants' response were on file, counsel for Defendants reached out to Plaintiff's counsel to alert counsel that Stamm in fact survived the police shooting.

8. Plaintiff agrees that Stamm survived the shooting, as reflected by the Waukesha Police Department memorandum attached to the PSOF as Exhibit 13. Plaintiff's statement to the contrary in the PSOF was an error.

9. Plaintiff believes that Stamm's survival does not alter or undermine any argument in its opposition to the summary judgment filing—it is not material to the issues before the court. The parties, however, wish to correct the record.

10. To that end, Plaintiff wishes to restate paragraph 133 of the PSOF as follows: "WPD officers fired multiple gunshots at Stamm after he exited his house with a rifle, which officers claimed Stamm pointed at them. (*Id.*)"

11. In turn, Defendants wish to restate their answer to PSOF ¶ 133 as follows:

Disputed in part. Not disputed that officers of the City of Waukesha Police Department shot Dean Stamm after he exited his house with a rifle and pointed the rifle at officers. (ECF No. 59-13 at 1-2 ("During the course of the investigation Stamm exited his residence . . . with a rifle and a concealed handgun. The rifle was equipped with an illuminated optic that officers described as a "green laser." As Stamm was outside the residence he pointed the rifle at officers.").) Plaintiff provides no evidence to otherwise support this proposed finding, including any evidence to dispute the officers' account of what happened, so plaintiff provides no evidentiary basis for the characterization of their account as merely a "claim." Further, the Stamm shooting was investigated by an outside agency and found to have been justified. (Angle Tr. at 233:7-19.)

Dated: June 1, 2023                  Respectfully submitted,

/s/ *Alison R. Leff*                 /s/ *Andrew A. Jones*

Alison R. Leff                       Andrew A. Jones
Thomas R. Kayes                      Hansen Reynolds LLC
The Civil Rights Group, LLC          301 N. Broadway, Ste 400
2045 W Grand Ave, Ste B, PMB 62448   Milwaukee, WI 53202
Chicago, IL 60612                    (414) 326-4952
(708) 722-2242                       ajones@hansenreynolds.com
alison@civilrightsgroup.com
                                     *Attorneys for Defendants*
*Attorneys for Plaintiff*