**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

ESTATE OF RANDY ASHLAND,

Plaintiff,

v.

Case No. 20-cv-1640-pp

CITY OF WAUKESHA, *et al.*,

Defendants.

---

# DOCKETING STATEMENT

---

Defendants Ian DeKarske, Ryan Solberg, and Servando Benitez submit this Docketing Statement pursuant to Seventh Circuit Rule 3(c)(1).

## 1. District Court Jurisdiction

Plaintiff, the Estate of Randy Ashland (the "Estate"), brought this action pursuant to 42 U.S.C. § 1983 alleging that DeKarske, Solberg, and Benitez, officers with the City of Waukesha Police Department (together, the "Officers"), violated Ashland's rights under the Fourth Amendment by using excessive force against him and by denying him medical care during an incident in which Ashland was shot and killed on April 15, 2020. The Estate also alleged that defendant the City of Waukesha (the "City") violated Ashland's rights under the Fourth Amendment and that the City is required pursuant to Wis. Stat. § 895.46 to indemnify the Officers for any judgment against them. The District Court has jurisdiction over the Estate's federal claims against all defendants pursuant to 42 U.S.C. §§ 1331 and 1343(a), as the claims seek to redress the alleged deprivation under color of state law of rights secured by the United States Constitution. The District Court has

supplemental jurisdiction over the Estate's indemnification claim against the City under Wisconsin law pursuant to 28 U.S.C. § 1367.

### 2. Appellate Jurisdiction

#### a. Statement of Appellate Jurisdiction

This is an appeal from an order entered by the District Court denying the Officers' motion for summary judgment on the basis of qualified immunity (ECF 72) (the "Order"). The District Court entered the Order on September 15, 2026. The Order memorialized an oral ruling by the District Court on the same date. No motion was filed that would toll the time in which to file this appeal. The Officers filed a timely notice of appeal on October 13, 2026. Under the collateral order doctrine, the Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as the Order represents a final decision of the District Court on the issue of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526-30 (1985).

#### b. Basis for Appellate Jurisdiction

On January 24, 2023, all defendants moved the District Court for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF 49.) The District Court's Order denied the Officers' motion for summary judgment with respect to the Estate's § 1983 excessive force and denial of medical care claims, both on the merits of the claims and on qualified immunity. The District Court's Order granted the City's motion for summary judgment on the Estate's § 1983 claim against it and denied the motion on the Estate's indemnification claim under Wisconsin law. The City does not appeal the Order; only the Officers do.

The Court of Appeals has jurisdiction over the Officers' appeal because a district court's denial of qualified immunity, to the extent it turns on an issue of law, is an

immediately appealable "final decision" under 28 U.S.C. § 1291. *Mitchell*, 472 U.S. at 524–30. The reason is that qualified immunity is "an immunity from suit rather than a mere defense to liability." *Id.* at 526. Consequently, if discovery does not reveal a genuine issue of material fact regarding the availability of qualified immunity, then the officer is entitled to summary judgment on the issue. *Id.* Otherwise, if the case were erroneously permitted to go to trial, the right to immunity would be "effectively lost." *Id.* Put differently, a motion for summary judgment is the defendant's "final opportunity to secure the full benefit of qualified immunity." *Jones v. Wilhelm*, 425 F.3d 455, 466 (7th Cir. 2005). Here, by denying the Officers' motion for summary judgment, the District Court denied them the full benefit of qualified immunity. As a result, that decision was final, it is separable from the merits of the Estate's claims, and it would be, for all practical purposes, unreviewable following a trial. *Mitchell*, 472 U.S. at 526-27.

This appeal "turns on an issue of law." *Mitchell*, 472 U.S. at 530. The question presented by the appeal is whether the material facts, viewed in the light most favorable to the Estate, permit the legal conclusions (1) that the Officers violated Ashland's Fourth Amendment rights and (2), if so, that those rights were clearly established at the time, thus removing the shield of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). A right is "clearly established" for the purposes of an excessive force or denial of medical care claim only if (1) there is a "closely analogous case" holding that the specific conduct of the defendant was unconstitutional, or (2) "a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct in question." *Cibulka v. City of Madison*, 992 F.3d 633, 639–40 (7th Cir. 2021) (internal quotation marks and alterations omitted). For a right to be clearly established, relevant case law must have previously been developed in such a concrete and factually defined

manner so as to make it obvious to all reasonable public officials presented with the same circumstances as the defendant that a particular course of conduct would be unconstitutional. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Even if the contours of the right in question are found to have been clearly delineated at the relevant time, a public official may still enjoy qualified immunity if it was objectively reasonable for him to believe that his actions did not violate the federal right. Public officials are shielded from suit where officials "of reasonable competence could disagree" that such acts were objectively reasonable. *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (reasoning that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

In this case, (1) whether the Officers violated Ashland's Fourth Amendment rights and (2), if so, whether those rights were clearly established at the time are both legal questions subject to immediate appellate review. *See*, *e.g.*, *Plumhoff v. Rickard*, 572 U.S. 765, 773 (2014) (holding, in Fourth Amendment excessive force case, that "deciding legal issues of [whether force used violated the Fourth Amendment and, even if it did, whether the law was clearly established] is a core responsibility of appellate courts, and requiring appellate courts to decide such issues is not an undue burden"); *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (noting that "summary judgment determinations *are* appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity – typically, the issue whether the federal right allegedly infringed was clearly established") (internal quotations and citation omitted) (emphasis in original); *McGee v. Parsano*, 55 F.4th 563, 572 (7th Cir. 2022) (exercising appellate jurisdiction over the "purely legal issues" of whether officers violated plaintiff's constitutional rights and, even if so, whether they are entitled to qualified immunity because their mistake was a

reasonable one); *Siler v. City of Kenosha*, 957 F.3d 751, 759-60 (7th Cir. 2020) (reasoning that when a defendant seeks summary judgment in an excessive force case, a court "may consider reasonableness as a matter of law when there are sufficient undisputed material facts to draw a conclusion"); *Dockery v. Blackburn*, 911 F.3d 458, 466 (7th Cir. 2018) (reasoning, in accepting appellate jurisdiction of an appeal from the denial of qualified immunity on summary judgment with respect to a Fourth Amendment excessive force claim, that "[t]he constitutional question—whether the deployment of the Taser was a reasonable use of force under the circumstances—is an objective inquiry that turns on how a reasonable officer would have perceived the circumstances").

On appeal of these two questions, the Court of Appeals can take the historical facts found by the District Court as given and draw all reasonable inferences in favor of the Estate, *Leaf v. Shelnut*, 400 F.3d 1070, 1078 (7th Cir. 2005), and can review the District Court's application of the law to those assumed facts, *Sain v. Wood*, 512 F.3d 886, 890–91 (7th Cir. 2008). *See also Harer v. Casey*, 962 F.3d 299, 305 (7th Cir. 2020) ("In this appeal, the [defendants] accept the facts and reasonable inferences favorable to [plaintiffs] for purposes of the qualified-immunity inquiry at this stage. They simply contend that those facts and inferences do not establish a violation of a clearly established constitutional right.") (internal quotations and citations omitted); *Lovett v. Herbert*, 907 F.3d 986, 991 (7th Cir. 2018) ("In order to present such an issue for appeal, the defendant may accept, for purposes of the qualified immunity inquiry, the facts and reasonable inferences favorable to the opponent of immunity, and argue that those facts fail to show a violation of clearly established law.") (internal quotations and citation omitted).

Here, any disputes of historical fact identified by the District Court can be accepted in the Estate's favor for the purposes of appeal. Ultimately, the District Court's Order rests

on its conclusion that a reasonable jury could decide that the use of force by defendants Solberg and DeKarske was objectively unreasonable and that all three of the Officers failed to provide adequate medical care to Ashland under the circumstances that confronted them on the night Ashland was shot and killed, and, assuming that to be true, that every reasonable officer in the Officers' place would have known as much based on prior controlling precedent. Defendants-appellants respectfully disagree. Under the precedent discussed above, those are legal issues ripe for resolution by the Court of Appeals before the Officers are forced to proceed to trial.

**3. Additional Information Pursuant to Circuit Rule 3(c)**

Pursuant to Circuit Rule 3(c)(1), the Officers state that there are no prior or related appellate proceedings, there has been no prior litigation in the District Court (other than the underlying action itself), no party to this litigation appears in an official capacity, and this appeal is not a collateral attack on a criminal conviction.

Dated at Milwaukee, Wisconsin this 13th day of October, 2026.

**HANSEN REYNOLDS LLC**

s/ Andrew A. Jones
Andrew A. Jones (Counsel of Record)
John W. McCauley
James F. Cirincione
301 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
(414) 455-7676
ajones@hansenreynolds.com
jmccauley@hansenreynolds.com
jcirincione@hansenreynolds.com

*Counsel for Defendants*